Our next case up this afternoon is 412-0943 Clemons v. Nissan North America. For the appellant is Larry Smith, you are he sir? For the appellee is Bruce Turlop, is that pronounced correctly? Right. Mr. Smith, you may proceed sir. Thank you. Counsel, may it please the court. Counsel. Thank you for letting us be heard this afternoon. My name is Larry Smith, I represent Latesha Clemons and her claims against Nissan North America. In July of 2008, Ms. Clemons purchased a 2007 Pathfinder. At the time she purchased the vehicle, it being 1 year old, only had about 12,800 miles on it. When originally sold, the Nissan came with a 3 year 36,000 mile bumper to bumper warranty. The warranty book was in the vehicle. And throughout Ms. Clemons' ownership of the vehicle, the vehicle became defective and was required to undergo several repairs. Throughout the repair period, every time she took the vehicle in, Nissan fixed the vehicle free of charge as required under their warranty. Nissan then, at the brink of trial, made a motion to dismiss the case claiming that now that they've seen the actual purchase document from when Ms. Clemons purchased the vehicle as used from the dealership, it said as is on it, and because of that they now can claim there never really was a warranty despite how they've acted all along. Nissan has contended that selling a vehicle as is by a dealership effectively disclaims all warranties and prevents a claim for breach of warranty against the manufacturer. This is not the law and this is plainly untrue. No case says so. Although... There's really no case on point, is there? Precisely. There isn't a case on point, but one of the things that my brief pointed out is that if you look at the facts of each case, and most notably, in my opinion, TAG, look at the facts of that case. It says right there at the very first sentence. It says that the vehicle was purchased from a dealership used as is, however, there was still warranty available from the manufacturer. It's in the first line of the opinion. So TAG is your best case then? Well, I think... I'm not going to say it's my best case. I think it's probably the closest one. I think Baseline is a good case for us. I think Rothie is a good case for us too. But Nissan cited TAG, they cited Baseline for the proposition that selling a vehicle as is effectively disclaims all warranties. And they say that Baseline said it on page 290. No court says that. No court says that as is effectively disclaims all warranties. If you look at TAG, as I'll point out to you, look at the cases that I cited, that we both cited, look at the facts of them, and you'll see quite the opposite appears to be true. Like I said in TAG, the very first line of the opinion talks about how this vehicle was bought as is from a dealership, pre-owned, that's the new words for used, we say pre-owned and it still had room left under the warranty. The problem that the plaintiff had with TAG and the reason why there was no claim against the manufacturers, ultimately the problems with the vehicle arose after the vehicle went past 36,000 miles. So that was the reason why the plaintiff lost. So what was the manufacturer's warranty in this case? Three years, 36,000 miles. And when the car was bought, what was, how many years had passed? One. It was a 2007 vehicle purchased in 2008 and as I said, it had only about 12,800 miles on it. So both by time and odometer reading, the manufacturer's warranty should still apply? Yes, Your Honor, and it did. And Nissan treated it as though it did. Because every time she took the vehicle in front of her... Well how in the world did Judge Smith miss something so obvious that it's as clear as you're suggesting? I'm here to ask you that, Your Honor. I'm here to find out, I really think this was a, you've got to be kidding me moment. You know, when the motion to dismiss was made for that purpose... Well may, could you describe for me, what is this warranty book? I mean, you say it was in the car, is it one of those things that's in the glove compartment that when you buy a car, you don't know exactly what's in there until six weeks later when you finally start to look at it. I mean, what is a warranty book? What do you mean we don't pull out our warranties and read it before we buy it? I really want to know what a warranty book is. It's the warranty. The warranty is the promise. The warranty doesn't have to be extended by the company. Not at all. You just put that warranty book in the glove compartment and that's it. Nissan warrants their vehicles for three years and 36,000 miles. To the buyer. To know, if you actually read the book, it's three years, 36,000 miles, and it doesn't matter who has it. In fact, the warranty itself says it's freely transferable, with no further action needed. Okay, you're getting ahead of me. I understand that's what the language says, because that's clear in the briefs. So what is the book? Yeah, what is it? It's an explanation of the warranty. That is the warranty? It's the explanation of the warranty.  It's the explanation of the warranty. Okay, how is the warranty extended to the purchaser and subsequent purchaser? It's given by virtue of Nissan putting the vehicle on the market and warranting it. That's what they do. And they put a book in there explaining what the warranty is. They warrant the vehicle. They say that this vehicle will operate without defect for three years and 36,000 miles or we will repair it at no cost to you. So it has nothing to do with the purchase of the vehicle, sale bill, negotiations with the dealer, whether it's a new car or a used car, as long as it's a three-year, 36,000 miles, the warranty applies. Or by virtue of the book put in the glove compartment. No, no, I'm not saying by virtue of the book being in the glove compartment. It was a factor that we had in this case, which was fortunate. But I've submitted to the court that had the book not been in there, the vehicle would still have been covered. Okay. I'm trying to understand how the warranty is extended. Well, Your Honor. It would seem like it would take two parties coming together and then the manufacturer, Nissan, presenting to the purchaser, here is the written warranty. It doesn't. Okay. There's no necessity of privity of contract between the manufacturer and the buyer of the vehicle. None at all. Nissan puts a vehicle out in the market and they warrant it. And they print a book that explains the warranty, but they warrant it. Okay. So you're effectively saying it's a warranty to the world at large. Yeah, it's not something that requires Nissan to come shake hands with the customer, because they don't. Obviously. The dealerships don't. So there could be purchasers that have warranties that don't even have an idea that they have them, unless they've heard some commercial on television about the warranty, if it's never spoken about. Well, if you're buying a used vehicle and it's still within three, if it's a Nissan, it's within three years of 36,000 miles, and you didn't know that, I mean, I guess that's too bad. I think that's something that most shoppers look for and know about. It's definitely an attribute of the vehicle. It's something that our clients saw as an attribute of the vehicle. But it doesn't require Nissan to come down to the dealership and shake hands and say, we're warranting your vehicle. Absolutely not. The book itself that explains the warranty says, this warranty is on for three years of 36,000 miles. It is freely transferable, and it says very clearly, with no further action required. Yeah. I see all the language. Okay. You don't need to do anything. Let's say the warranty book is taken out by the original purchaser, and it's not in the vehicle for the subsequent purchaser. Has the warranty been extended to the subsequent purchaser? Yes. Okay. That brings me back to my question. I'm a little slow. How do they extend the warranty? The warranty comes with the vehicle. They don't extend it. I guess the best way to answer your question. It comes with the vehicle. They don't extend it. And maybe the technical way that Nissan puts it out over the vehicle might be something that Nissan could answer for you. Okay. Well, as far as we can tell you. So basically, you're just saying the warranty comes with the vehicle if it hasn't got 36,000 miles or it hasn't been sold for three years. Nissan warrants their vehicles for three years of 36,000 miles. So whoever bought it or whoever is subsequent owners. It's freely transferable. It's freely transferable. It stays with the vehicle. The only thing that voids it, according to the warranty book. I guess if you saw in the record, we pointed it out. The only way you can really void the warranty or end it early is if you take it out of the country and register it out of the country and try to bring it back in. What about a wreck? What about a wreck? It talks about salvageable title, doesn't it? That would be out of the country. You mean taking it. No, a wreck. Not a wreck. Oh. You're in a wreck. You're in a wreck. A wreck on the vehicle?  A car accident. Oh. I apologize. I apologize. I don't hear you. What about. I work on my diction. Well, we're. Respectfully, I think we're getting off topic here. We are, but I asked the question. Okay. So let me try to answer that.    No, no, no. No, no, no. No, no, no. No, no, no. No, no, no. No, no, no. No, no, no. But it's repaired. It's repaired at my expense. You wreck your vehicle. At my expense. I repair. Forget about insurance. Yes. Am I still under warrant? Sure. Sure. Well, I have to disclose to Nissan when I come in for service that this car was almost totaled, but because I'm stubborn, I had it repaired? I suspect that Nissan, if you brought your vehicle in for repair after a wreck regarding a problem with the vehicle, a mechanical problem with the vehicle, I suspect you might have an issue of Nissan saying, this isn't a defect with the vehicle, because we only repair defects. This is something that happened because of your wreck, and this is your problem. Because the warranty warrants the vehicle to be free of defects, bumper to bumper. Okay. Moving on. I talked about TAG, and that was a case that pointed out, obviously, that there's a vehicle that you can sell as is that still has a warranty to it. So, I can get my understanding clear on this. There could be multiple warranties, and I suppose there are, selling used cars. Pardon the expression. It's supposed to be pre-owned. A used car could get a warranty from the used car dealer. Sure. Who will provide you a warranty for up to a certain period of time, or the used car dealer says, forget about that. I'm selling it as is. That's our deal. And there's no recourse to the used car dealer if there's a problem. Your position is, these are separate and independent warranty issues. The dealer on the one hand, who's a New York dealer. Is that the name? New York Oil Sales. New York Oil Sales. As opposed to Nissan, the manufacturer, that these are separate, independent, and unconnected? Absolutely. The dealership could disclaim its own warranties, and that's what happened here. So, the as is is from the New York auto ship. Absolutely. Saying, we have no liability for problems, but their doing so doesn't address in any event. Right. The manufacturer has expressed the warranty to you, and it's still available. Let me ask this as a technical question. Assuming that there are these two separate kinds of warranties that are in existence, the dealer and the manufacturer, is there any way that the manufacturer, on this record, could have taken steps to absolve itself of its warranty? To eliminate it? Or to tell the dealer, you're authorized to now withdraw this in some fashion? I've thought about that question. What would happen if this particular sales document didn't just say, as is, but said, Nissan disclaims a warranty. That's it. It's a different question. I've got to be honest with you. I'm not sure what the answer is. We have to look at those facts and circumstances. What happened that got us to that point? When did the person buy the vehicle? Did they buy it used? The question is, could Nissan have said that, but your position is, Nissan didn't say it in this case, in any of them. They didn't, and to be honest with you, Your Honor, I don't think they can. If they're going to comply with the warranty as they put it out there, and it's in their book that explains it, it stays three years, 36,000 miles. It's expressed. They say that they will stand behind their vehicles for that period of time. That's it. By the way, another question. Sure. Justice Turner asked you about the physical book in the glove compartment or something. Is it your position that the book itself isn't important, that if there is a basis to establish independent of the book, that there is this warranty for Nissan new cars of this vintage, that even if he didn't possess the book, the subsequent purchaser from New York auto sales could have said, maybe hearing from someone, you know, Nissan warrants this stuff for three years. Why don't you check out and see online, let's say, and if he found that to be the case, to make the claim, even though he doesn't have any booklet? Absolutely. I'd be up in front of you making the exact same argument. So the booklet is of... It's there to explain it to us. It clarifies it, but it's not a necessary factor. In our case, I don't believe it is at all. And if you look at the other cases that were cited in this, let's look at Baseline. Baseline was another case where a dealer, a court, just like you, they said, we disclaim warranties. We don't have any warranty here. We're not standing behind the vehicle. However, the manufacturer did. And in that case, the case went against the manufacturer to trial. So here's a situation where the dealer disclaims the warranty, and the case goes to trial against the manufacturer and the plaintiff won, and rightfully so. So that's what happened in Baseline. And on page 290, where Nissan says, the case law is that an as-is disclaims all applicable warranty. That's not what it says. It says, as-is is sufficient to disclaim an implied warranty of merchantability. And that's a different animal. We're talking about an expressed written warranty. We're talking about a warranty that is expressed by Nissan that goes with the vehicle. So let me ask you this question. If you were counsel for Nissan, what advice could you have given before this vehicle was sold to absolve yourself of this warranty? Is there any way to do it? No. If I were Nissan, I respect that. It wouldn't have shown up. If I was Nissan, I, no, you have no recourse to say that the warranty is void because some third party says so. Well, how about this? Could you have required New York Auto Dealership to, in their transaction with the purchaser here, who is Clemens, to say, here's our bill, here's our agreement to buy this car, and by the way, paragraph whatever it is says, by purchasing this car at this point, you are consenting to the elimination of any guarantees or any warranties, not only by New York Auto Sales but also by Nissan, that I've authorized New York Auto Sales to speak on behalf of the manufacturer to say, this warranty is now gone. And if you don't want to do that, then don't sign the contract to buy the car. Could they have done that? That's a very good question. We'd be arguing different legal points right now. We'd be arguing agency points right now. We'd be arguing whether or not that dealership is in fact an agent because how do you get around Nissan warranting the vehicle, expressly three years and 36,000 miles, where they say that it's freely transferable with nothing more needed. The only way it's voided is if you take it out of the country and register it there. So I think at that time we'd be having a different argument, and we'd be arguing an agency issue right now. But we're not because it's not what this case is about. That would be his best argument, but essentially that's an implication on these facts because some of the facts show. There's been no fact whatsoever to suggest that this dealership is an agent of Nissan. It's not a Nissan dealership. It's a used car dealership. If we look at the Supreme Court in Rothi's, another example, a case that they cited for the proposition that an as-is defeats any warranties, which is not true. Right off the bat in that case, in the very first paragraph of the opinion, the court talks about how there were claims made against the manufacturer for breach of express warranty and against the dealer for breach of implied warranty. The dealer had disclaimed its implied warranties, but the case went on against the manufacturer. In fact, the Supreme Court said, it's not even an issue right now as to the manufacturer's express warranty. That's there, and we go on in the issues about the implied warranty. In fact, the Supreme Court held that under Magnuson-Moss Act, an express warranty by a manufacturer can stand as a basis to claim implied warranty. But again, it's not an issue that was here. This was an issue where a dealership said, this is as-is. And now Nissan's saying, well, if you're selling a vehicle as-is, that disclaims every warranty. And what Nissan is now arguing is that now that the next purchaser possesses the warranty rights, they can do with it what they want. And that's just pulled out of thin air. That the next owner of the vehicle could do with the warranty what they want as having the warranty rights. Having the warranty rights means you get your vehicle repaired free of charge if it's defective. What was the relief that you were requesting at the trial court level in your complaint? Well, all my client's damages, which were at this point diminished. I believe we might have pled for rescission, but I think we're going to get to trial and ask for diminished value of the vehicle because of its multiple repairs. How was the venue transferred to Sangley County? That wasn't clear to me. Your Honor, I apologize. It might have been the appropriate venue for where the dealership was located, if I recall correctly. We might have filed it in the wrong county and thought it was located somewhere else, but it was rather here, if I recall correctly. I notice in footnote 2 on page 3 of your reply brief, you say that no sane reason for a dealership to elect to avoid the manufacturer's warranty could be found. Do you have a basis for saying that? In page 3, footnote 2. By a dealership would disclaim or avoid a perfectly valid manufacturer's warranty? Yes. It's an obvious selling point. You don't have any authority for that. That's just your own feeling. I guess what Nissan is saying is, hey, look, the dealership did this for us. For us, they went ahead and disclaimed the warranty, so we don't have to worry about warranting the vehicle anymore. Nice of them. Yeah. And we're saying, why would a dealership do that? Why would a dealership take an obvious selling point, something to move a used car off their lot, Here's a vehicle. It's used. It's got warranty left on it. Well, according to you, you've got to worry about yourself. It would be insane to do so. It would be insane for them to say, you know what, we need to make sure that Nissan is protected here. We don't care so much about selling the car and making money. We just want to make sure Nissan is protected, though we have no relationship with them whatsoever. Okay. Thank you, Mr. Smith. Your time is up. You have an opportunity to address this again in rebuttal. Thank you very much. Okay. Mr. Turlough. Good afternoon, counsel. May it please the court. Counsel. My name is Bruce Turlough. I represent Nissan North America. This appeal actually has, I think, two components that need to be viewed from this court's standpoint. One is the larger issue, which the justices have been banting about with my opponent quite effectively, is the larger issue, can a third party essentially sever or eviscerate a warranty that is in existence for a remote manufacturer. But there are also procedural issues here that I think, and Justice Turner asked, well, why would Judge Schmidt rule this way? And I think so there's a micro issue and a macro issue to this, and the micro issue is the procedural one. Because, quite frankly, in this case, we went through this entire case and this purchase contract, which contained the as-is clause, was never produced. It wasn't produced until I went to New York auto sales two weeks before trial, just doing my due diligence to say, hey, maybe this person came back, maybe there's something there, can you give me your documents? Because it was represented to us that they were all given to us during the case. Well, they weren't. The one document that was missing from production was this as-is contract, the actual contract of the case. That was not attached to the complaint. The only thing that was attached to the complaint. There was no written contract for the purchase of this car? Well, what plaintiff attached as Exhibit 1 to her complaint was the retail installment contract, the finance contract. So they had that contract but not the purchase contract with the actual dealer. So no one knew that the vehicle was sold as-is until we ferreted it out two weeks before trial. And so when counsel says that on the eve of trial, on the cusp of trial, we filed a motion, the only reason we did that, the reason Judge Schmidt ruled as he did, in part, I think, is because you guys didn't produce this. And then when given the opportunity to brief the issue, plaintiff said, no, we aren't going to brief it, we'll just orally argue it today, although we had filed a 2619 motion, complete with authority. So it wasn't, and then Judge Schmidt ruled on it, on the argument being that this dealer, New York Auto Sales, had the right to sever the warranty at that junction by virtue of the as-is language in its purchase contract. Thereafter, and what we're now seeing, and what you now see in the record, for example, even the written warranty document itself, that they cite in the record, I think it's at 230 in the record, is the written warranty, the exemplar that we provided during discovery, you'll actually see it has our sticker on it, Clemens vs. M&A, it's our base stamp sticker for my firm, it was our exemplar, that they then gave on their motion to reconsider after the fact. So I think all that's waived, quite frankly. You mean forfeited? Yeah, I think under the Merchant's Bank case... Waive is an intentional relinquishment of a known right, counsel. Correct. Just checking. They forfeited this by not arguing to Judge Schmidt at the time, any of this, at the oral argument back in July. I'm not sure I understand. Is it your position that they did not attach the contract, which was the basis for the sale? Yes, that's correct. And so that's in violation of Section 2616 of the Code of Civil Procedure because this is an action which is founded upon, at least in part, a written document? I think it's 2606, maybe, but I think it's 2606. Correct, but they were going under the guise that the written contract was their purchase contract. They then make the allegation in paragraphs 2 and 5 of their complaint that they received a Nissan written warranty. If you look at our answers to paragraphs 2 and 5, all Nissan answered to those was, at the time of initial distribution or distribution of a new Nissan vehicle, we do give a written warranty. What happens after that, we don't know because if you actually look at the language of the warranty, now again, I would argue that's not even, I think that has been something that they have forfeited. Well, let's assume it's not forfeited. Let's assume it's not. If you actually look at the language of it, what it says is it can be generally transferred. So at that moment in time when New York Auto Sales is selling this vehicle to Ms. Clements, it holds the rights to the warranty. It is the transferor of that warranty because it's going to be transferred to her. So Nissan is comfortable with letting a guy in white shoes and a white belt and a gold chain in a corner car lot resell your product and thereby effectively ruining the reputation of Nissan because of his ability to waive the original manufacturer's warranty that goes with the vehicle. I would argue that under the law as it stands, yes, that should be suited. What case says that? Well, PELC says that, for example. Words have meaning. As is is a term of art under 2.316. Now, wait a second. Let me go back and specify the same question I asked Mr. Smith. It seems to me we're dealing with two separate and independent and unconnected warranties here, or at least potential warranties. One, the dealer, the pinky-ringed guy who's actually selling the car, and maybe this warranty ain't so good to begin with, and the other thing is here's Nissan, this wonderful company, selling all these wonderful products. They have a separate and independent warranty. You are melding these two. And what I want to know is how does that come about and why should a purchaser think it comes about? Well, the purchaser wouldn't think it would come about, but for the situation you have here where the seller, where New York Auto Sales, sells the vehicle as is as to all warranties. For example, Mr. Smith talked about various cases. We talk about Basslin, we talk about Rothi, we talk about Salinger. First of all, those are all new car vehicles. So those are new car dealerships. The Illinois New Vehicle Dealer Franchise Act would apply to how those vehicles are sold. Most have no bearing on this case. This is a used vehicle. Now, to the extent that TAG may apply to this case, if you look at the TAG opinion, it doesn't say exactly what the dealer's as is disclaimer is because a lot of dealer contracts will say as to the dealership this is sold as is. However, if there exists a manufacturer's warranty, the remaining portions of that warranty will still go. So TAG doesn't give us that instruction either. What we have here is a dealer who said to Ms. Clemens, this is sold as is, period. And it had an integration clause in the purchase contract saying there are no other representations made. So under these facts, under these specific facts, yes, this dealer has the right to extinguish the warranty. Why? I mean, although Mr. Smith says what sane dealer would do this? That's a good question and a valid one. I don't know. We weren't part of that transaction. But a dealer may want to do that. For example, if a dealer goes to wholesale and a dealer buys cars at wholesale and they're going to be designated as flood vehicles or somehow they're damaged in a wreck. It could be in a wreck in Iraq. Who cares? It could be a vehicle that has problems. This dealership may want to sell this as is to whomever customer the dealership is dealing with. So that dealership is assured that it is cut off from all future liability, including liability if the customer goes back. The as is clause appears in the sales contract, correct? Correct. Wouldn't it be the parties that signed the contract to whom that clause applies? I agree. How can we possibly say it applies to somebody who doesn't sign the contract? Because the transfer warrant at that moment in time is New York Auto Sales of the rights to the Nissan contract. Where does that come from? It comes from the language of the Nissan warranty itself. It says it is generally transferable without you doing anything. So if New York Auto Sales didn't do anything, I would agree. We wouldn't be here. So you in that warranty is the dealer? Not the purchaser? Not the guy who's got the car? It's whoever is holding it at that moment in time. If the warranty can be transferred, there has to be a transferor and a transferee. And, of course, at the time of the new vehicle sale, that's easy. It just comes from the new dealer, and the warranty even talks about that other than the new vehicle sale. So all subsequent sales, there's a transferor. So who's the transferor in our situation? New York Auto Sales. So at the time that it is entering into this deal with Miss Clemens, it holds the Nissan warranty. It is the beneficiary. Well, then that renders meaning with some language in the warranty book, doesn't it? No, I don't think it does. Because if New York Auto Sales did nothing, if they said we are only disclaiming our warranties for New York Auto Sales, and it is sold as is only as to our warranties, but any manufacturer's warranty may still go, or if it said nothing, this warranty would automatically transfer. But that's not what happened here. What happened here is New York Auto Sales and Miss Clemens, I mean, this is a two-party situation, affirmatively took a step to sever that. They said, for whatever reason, Nissan wasn't a party of it, but for whatever reason, they agreed to say this is sold as is. Well, I think counsel would say they would be insane to do that. But who knows why New York Auto Sales did that? I don't know. Why would they? People answer who's to argue. To me, it makes sense. Why would they do that? Because dealers buy cars that are wrecked all the time, that are flood vehicles, and if they want to cut off all liability... But counsel, wait a second. That assumes that they're not dealing with two separate warranties. No. What's it to New York Auto Sales about buying cars that are questionable as far as to protect Nissan? So let's say... Why would they do that? Let's say this was a flooded vehicle. Okay. And let's say Mr. Smith sues Nissan because we refuse to do warranty service, because we say, hey, this was a flood vehicle. Well, we weren't told it was a flood vehicle by New York Auto Sales. So I'm sued, Nissan is sued. What are we going to do? We're going to third-party a New York Auto Sales and say you defrauded them. But if New York Auto Sales sells it as is, that is their get-out-of-jail-free card. They said, no, we sold it as is. That's right. It's your get-out-of-jail-free card if it's a flood vehicle. You're probably going to be able to show. It may be a cost of litigation, but you're going to be able to show, yes, this car is still under the warranty, but there's no defect. I don't disagree, but that's apples and oranges in terms of this analysis. The analysis is, can a dealer sever the warranty? Can two parties agree between themselves, freely contract, to say, okay, I understand that that's out there. Maybe she didn't understand. We don't know that because it's not on the record. But the fact is they entered into a contract, and the contracts have meaning. And that's what the Pell course says, that words have meaning, as is. Well, that assumes that the words have meaning with regard to the contract between New York Auto and Ms. Clements. But why should she assume, or why should anyone assume, that New York Auto has the authority to act on behalf of Nissan and eviscerate Nissan's warranty? It's not acting on behalf of Nissan. What it's doing is it's acting on behalf of itself by saying, we're not going to transfer the rights of the vehicle. Well, I'm looking at the language here, and the warranty says, this warranty is provided to the original and subsequent owners of the Nissan vehicle, originally distributed by Nissan, which is sold by Nissan-authorized Nissan dealership in the U.S. Correct. That language covers the used car dealer? That's your position? No, it doesn't. Was the used car dealer the subsequent owner? It is, certainly. So then you're claiming New York Auto is the subsequent owner and it's covered by this language? Oh, absolutely. It happens all the time that used car dealers bring their used cars to a Nissan dealer and say, hey, it's got a bad water pump, fix it under warranty. That happens all the time, where a New York Auto sales will go to a Gerald Nissan up and right down the road and say, hey, this is under warranty, fix it. And they're obligated to fix it. So, yeah, they are the owner. They're the holder of those warranty rights at that point in time. And if they choose not to extend those on, for whatever reason. Where does the authority come for the dealership to eviscerate Nissan's warranty? Freedom of contract, I think. I mean, they are the holder of it. They are the one who they are the linchpin in the chain, so to speak, the link in the chain to say, okay, I'm the transferor.  What if we're not dealing with an auto dealership? What if we're just dealing with Tom Smith who sells this car to Al Jones? And says nothing? No, he says, I'm selling it to you as is. Okay. Nissan's off the hook? I would argue that yes. If Mr. Smith and Mr. Jones agree to that, yes. Now, Mr. Jones doesn't have to agree to that. He can say, no, I'm not going to agree to that. You know, and bargain in exchange for it. I mean, that's what a contract is. And if these words are to have any meaning, and again, you know, I said this is a two-part case. It's a microcosm, and it's got micro and macro elements to it. Because, again, none of this ever came out in the case until two weeks before trial. If, indeed, this was meaningless, why wasn't it produced during the case? I mean, why did we have to ferret this out and ferret it out two weeks before trial, and then when we do the motion, the response is, oh, we didn't want to respond. We didn't want to file a brief. Okay. So, I mean, you know, if this has no meaning, if it didn't mean anything, well, then why shouldn't we, as a matter of policy in constructing this, make it clear that before some third party is going to have the authority to eviscerate Nissan's warranty, it must be explicitly so stated that the, quote, sold as is isn't good enough to address the manufacturer's warranty unless it's explicitly so stated. Well, I think, as a matter of guidance, it's certainly good to have an opinion along those lines, but that's what exists in most contracts anyway now, most dealer contracts. And I'm fortunate enough with Mr. Smith to do a lot of this, and we see each other from time to time. But we're dealing with two separate warranties here. But why shouldn't we require an explicit articulation if Nissan is going to claim, hey, we're the manufacturer's warranty, and, you know, that as is in the used car lot, that eviscerated our warranty too. Well, that doesn't, that's not, it's not clear on the face of this that to, you know, LaTosha, Clemens, and some other purchasers, that would be the case. And if you, Nissan, want that to be the case, with all your high-powered assistance and legal counsel, put it in the contract and tell your dealerships we want to be eviscerated, make sure that it says as is, including the manufacturer's warranty. There are contracts like that out there. That's my point. But not this one. No, and that's exactly the point of this appeal. Whatever Ms. Clemens and New York Auto Sales agreed on, they agreed on. They agreed as to all warranties. No, no, no, no. As to all warranties suggests that Ms. Clemens should have known that there was more than one covered by all this. The as is typically is going to speak of the guy selling you the car now, not the manufacturer's warranty. And why should, and again, why intuitively should Ms. Clemens have even thought so, if she even knew of the manufacturer's warranty, that somehow what New York Auto says, don't look to us for anything further, it means also don't look to Nissan manufacturers. The words have meaning, as the public court said. They said there are no warranties as to the mechanical condition. I understand that if it were, if it just said New York Auto Sales makes no warranty, then I would agree that the Nissan warranty would automatically transfer, because they took no steps to sever it, because it's an automatic transfer. But where two parties agree that there are no further warranties, words have meaning and as is is a term of art that has a meaning. No, when John Jones sells to Tom Smith, as is, he is, I guess, just because he's a nice guy, absolved Nissan of its warranty. An argument certainly could be made. That's your position, isn't it, counsel? No, because it's a little bit different here. It's as is with no warranties. John Smith, being a paralegal, says as is with no warranties. Certainly. So don't be looking at me, Latesha Clemons, if your car goes bad. He's absolved Nissan, and he didn't even know it. Arguably, yes. No, no, no, not arguably. That's your position, isn't it? Well, in this particular case, it is. You've got to also understand there's an integration clause with this. What is that? Well, in that, they said that there are no representations made outside of this contract. And the contract said there are no warranties. So this is a question, I think, of first impression. Can an intermediate buyer sever, through an agreed language with the purchaser, eviscerate the chain of warranty coverage? That's really the issue. If there's anything else? Well, a second ago, when you were addressing one of Justice Steidman's concerns, you made a comment that had New York auto sales put language that New York auto sales makes no warranty. What did you say that would be the consequence of that? Well, that would be like the Lytle v. Roto case, where the Roto dealership said, we make no warranties, and we assume no responsibility for anyone else. Along the same lines, meaning that it would result in what? Only the dealership disclaiming its warranties. I was actually counsel for Subaru in the Lytle case years ago, and Subaru still went ahead with that case because the dealership made it specific that it was only disclaiming its own warranty obligations. Those the manufacturer continued. So if New York, in this instance, said, we, New York auto sales, are disclaiming any warranty obligations. How would it get transferred under that scenario to the purchaser? The Nissan warranty would then automatically transfer because. . . But I thought you said it couldn't automatically transfer because New York auto sales owns it. They own the rights to it. They aren't the warrantor. They are the transferor, and they have the right to, I think, extinguish that, because without the transfer, the chain is severed. Thank you, counsel.  Mr. Smith. Thank you. I'm assuming you have something rebuttal. Just a short few moments. Go ahead. I got the chance. I got to take it. I can tell you two attorneys have had a lot of fun with this case. Yes. I thought we were all supposed to be hired. As much as I love the opportunity to be in front of this court and to argue a case, it's . . . I'm not having fun with an issue that apparently was so simple and was a, you've got to be kidding me moment, turns into us having to come here and be in front of the public court on it. It was something so obvious. And, Your Honor, Justice Steigman, you made a great example, one that I wanted to bring up in my original argument. Counsel says that the subsequent buyers now have all the warranty rights, and they can do what they want with it. Now, that's a new part, the they could do what they want with it. It's kind of new. I've never seen any case law or any situation whatsoever that says that. What the warranty rights are, as I mentioned before, the right to have your vehicle repaired, free of charge, and to have a vehicle free of defects. To suggest that that also gives the person the right to disclaim the warranty, that's to say I could go outside, I've got a car, it's still got a little room left before the warranty runs out. Before I sell it, and my last name is Smith, it just happens to be that I'm always the hypothetical in every single . . . Law school and everything . . . Well, I've seen some Joneses, too. Well, my cousin Jones and I have always been involved in every case. But I could go outside, and I could sell my vehicle, and I can say to the person, well, it's as is. And that's it. And now the person doesn't have a warranty. But then they'll go get it repaired, and they'll get it repaired free of charge, because Nissan won't know, and they'll do it, until one day they get enlightened, oh, this was sold as is? Oh, oh, this was never warranted. This wasn't warranted in the first place. The fact is that Nissan knows they warrant the vehicle three years, 36,000 miles, and if a vehicle comes into their facility that needs repairs that's defective, that's within three years of 36,000 miles, they need to fix it. And that's what they do, and that's what they did here. They fixed the vehicle under its warranty. Now they see this language that says the vehicle is sold as is with no warranty. And, you know, I apologize to Mr. Turley, but look, it didn't say we disclaim all warranties. It's not what the as is language even said. It just says this vehicle is sold as is with no warranty as a mechanical condition. Which is not true. It's not. Because they didn't give a 30-day warranty on the engine and the transmission. It could be between the dealer and that person, but this is a guarantee. Well, then that's inconsistent, because there is a warranty. Right, but this is a contract. What I'm saying is the contract is inconsistent by its own terms. It says we're not giving you a warranty. It's as is, but then they say, oh, but by the way, you've got 30 days on the engine and the transmission. They may say that. That wasn't a fact in our case where we were arguing over they had 30 days on the engine. I thought that was in the, what the state of the order. It might have been in the buyer's order that they, yes. I did see that. The buyer's order itself. They can't figure out whether they're a state of the order or not. You're right. The buyer's order in this instance, it did. The buyer's order that's on the window did say that there was a warranty. The guy with the pinky ring finger, he just stood up for my own personal reference. Boy, his brother-in-law put that on the car. I should not look at that thing stuck in the window of the car. The sales contract is going to govern. I know you can't give legal advice. Your Honors, the case law is very clear. This is a contract that was between New York Auto Sales and Ms. Clemmons. Nissan wasn't part of it. New York Auto Sales did not speak for Nissan. They never spoke for Nissan. Nissan warranted the vehicle. The vehicle was under warranty. Nissan treated it that way. There's no case law out there that says that a dealer selling a vehicle as is eradicates all warranties, including the express one put on by the manufacturer. The trial court committed an error here. We ask that this court return this case to the trial court, reverse the trial court's opinion. Thank you very much for your opportunity. Counsel, we'll take this minute and advise and be in recess for a few moments. I want to thank you both, by the way, for engaging with the court. This was an interesting case, and I appreciate very much the responses of each of you. Very helpful.